## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA     )
                             )
                             )
           v.                )          1:13CR313-1
                             )
                             )
FREDERICK LEE SIMONS      )

### MEMORANDUM OPINION AND ORDER

A federal grand jury for this district indicted the defendant for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(a). (Docket Entry 1.) The case thereafter came before the Court for a hearing on a Motion for Detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(A). (See Docket Entry dated Sept. 6, 2013.)[1] At the end of the hearing, the Court orally ordered the defendant's detention because clear and convincing evidence established that no available conditions of release would reasonably assure the safety of the community . (See id.) The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i).

### BACKGROUND

In advance of the detention hearing, a United States Probation Officer prepared a report on the defendant's history, residence, family ties, employment history and financial resources, health (including as to mental health and substance abuse issues), and

---

[1] Because it falls within Chapter 110 of Title 18, the offense charged in this case (which carries a potential punishment in excess of one year in prison, see 18 U.S.C. § 2252A(b)(1)) constitutes a crime of violence for purposes of Section 3142(f)(1)(A). See 18 U.S.C. § 3156(a)(4)(C).

prior record.  Both parties had an opportunity to review that
report before the hearing.  At the hearing, the defendant
stipulated to the accuracy of the factual information in the
report, which the Court therefore has adopted as its own findings
of fact.  The defendant also had "an opportunity to testify, to
present witnesses, to cross-examine witnesses who appear[ed] at the
hearing, and to present information by proffer or otherwise."  18
U.S.C. § 3142(f).  The United States called (and, through his
counsel, the defendant cross-examined) a law enforcement officer
involved in the case.  The defendant did not present any evidence
and (through counsel) indicated that he did not have a release plan
suitable for presentation to the Court at that time.

DISCUSSION

Given the nature of the charge in this case, "[s]ubject to
rebuttal by the [defendant], it shall be presumed that no condition
or combination of conditions will reasonably assure the appearance
of the [defendant] as required and the safety of the community," 18
U.S.C. § 3142(e)(3).[2]  "[T]he presumption operate[s] at a minimum

---

[2] As noted above, a federal grand jury has found probable
cause that the defendant committed "an offense involving a minor
victim under section . . . 2252A(a)(2) . . . of [Title 18]," 18
U.S.C. § 3142(e)(3)(E).  "[T]he appeals courts that have addressed
this issue have uniformly concluded that the judicial officer may
rely on a grand jury indictment to establish probable cause for the
purpose of triggering the rebuttable presumptions in section
3142(e)."  United States v. Vargas, 804 F.2d 157, 163 (1st Cir.
1986) (citing and joining position of United States Courts of
Appeals for the Second, Sixth, Seventh, and Eleventh Circuits);
accord United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996);
United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). District
courts in this circuit have followed the same rule.  See, e.g.,
(continued...)

to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).[3]  In this case, the Court will assume that the defendant produced sufficient evidence to carry the burden imposed upon him by that presumption.

"Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'  The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (internal citations omitted) (quoting United

---

[2](...continued)
United States v. Glover, No. 5:10-CR-258-F-5, 2010 WL 3245526, at *1 (E.D.N.C. Aug. 17, 2010) (unpublished); United States v. Boyd, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007).  Moreover, as detailed below, the evidence at the detention hearing confirmed the grand jury's probable cause finding.

[3]  Circuit courts have held that "section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant . . . ." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citing as examples decisions from the Second and Seventh Circuits); accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991);  United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986).  District courts in this circuit also have adopted that position.  See, e.g., Glover, 2010 WL 3245526, at *1; United States v. Hill, No. 1:06CR82-1, 2007 WL 547611, at *1 (N.D.W. Va. Feb. 16, 2007) (unpublished).

States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)); accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991); United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989); United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).[4]

Along with the statutory presumption, the Court considered the following statutorily-prescribed factors:  "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release."  18 U.S.C. § 3142(g). Based on the record before it, the Court makes the following findings of fact/conclusions of law:

1) the offense charged against the defendant is serious in nature and involved circumstances that endangered other persons and the community, see, e.g., United States v. Morace, 594 F.3d 340, 350 (4th Cir. 2010) (observing that Congress has made clear its "view that child pornography crimes are serious offenses" (internal

---

[4] District courts in this circuit also have taken that view. See, e.g., United States v. Jinwright, No. 3:09CR67-W, 2010 WL 2926084, at *1 (W.D.N.C. July 23, 2010) (unpublished); United States v. Moore, No. 2:09CR222-41, 2010 WL 1006205, at *2 (S.D.W. Va. Mar. 16, 2010) (unpublished); Hill, 2007 WL 547611, at *1.

-4-

brackets and quotation marks omitted)); United States v. Goff, 501 F.3d 250, 258-59 (3d Cir. 2007) (ruling that "[c]hildren are exploited, molested, and raped" and thus suffer "injuries and the taking of their innocence" due to the market for child pornography and rejecting defendant's effort "to downplay the nature and seriousness of his crime . . . [by] implying that his was a victimless crime because viewing the pornography was 'a solitary, private activity of short duration driven by [his] curiosity'"); United States v. Church, 701 F. Supp. 2d 814, 820-22 (W.D. Va. 2010) (cataloging grievous harms caused by child pornography offenses); 18 U.S.C. §§ 3142(g)(1) (identifying question of "whether the offense is a crime of violence . . . or involves a minor victim" as among important factors in assessment of nature and circumstances of offense), 3156(a)(4)(C) (defining "crime of violence" as used in 18 U.S.C. § 3142 as including offenses under 18 U.S.C. § 2252A(a)(2));

   2) the weight of the evidence against the defendant is strong in that:

        A) a law enforcement officer operating in an undercover capacity received emails from an account and Internet Protocol ("IP") address associated with the defendant in which the user claimed he had fantasies of raping and torturing girl scouts;

        B) law enforcement officers thereafter conducted a "knock-and-talk" at the defendant's residence, at which time the defendant initially denied sending the aforementioned emails but, after learning the officers had traced the emails to his account

-5-

and IP address, admitted sending them, although he described his remarks as mere fantasies on which he had no intent to act;

C) law enforcement officers thereafter seized (via voluntary surrender by the defendant) 11 computer hard-drives containing 370 videos and 5,959 images of child pornography, including videos and images of children as young as 6-8 months in bondage; and

D) law enforcement officers also collected two laptops belonging to the defendant (via voluntary surrender by the defendant) from a residence in Virginia; and

3) the history and characteristics of the defendant, in particular his "character, . . . employment, [and] . . . past conduct," 18 U.S.C. § 3142(g)(3)(A), raise concerns regarding the nature and seriousness of the danger his release would present, in that the defendant admitted that he regularly has viewed and downloaded images of child pornography since the late 1990s, at first via file-sharing programs and later through less traceable means, including obtaining and using untraceable IP addresses, and in that, as an information technology ("IT") professional, the defendant possesses significant computer literacy.

The Court concludes that the record establishes by clear and convincing evidence that no currently available release conditions reasonably would assure the safety of the community. In this regard, the Court notes the serious nature of the offense conduct (including as reflected by the presumption of detention) and the defendant's long-term history of similar activities. "[T]he issue

-6-

is not only [the] defendant's potential abuse of children and his interaction with children if on bail, but also his ability, if he is released on bail, to attempt to possess additional child pornography, or to communicate and interact with (via email, internet, or phone) others involved in the possession, sale, and distribution of child pornography . . . ." <u>United States v. Reiner</u>, 468 F. Supp. 2d 393, 397 (E.D.N.Y. 2006). Indeed, the evidence suggests the defendant has a strong affinity for child pornography and a high degree of sophistication regarding the acquisition and concealment of such material. <u>See</u> <u>United States v. Schenberger</u>, 498 F. Supp. 2d 738, 743, 745 (D.N.J. 2007) (observing that "this is not an instance where defendant inadvertently received a handful of images" and citing defendant's "computer expertise" in denying release). If the defendant develops a plausible release plan, he may move the Court to reopen this matter. <u>See</u> 18 U.S.C. § 3142(f) ("The hearing may be reopened . . . at any time before trial if . . . information exists that was not known to the [defendant] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of [the defendant] as required and the safety of any other person and the community.").

**IT IS THEREFORE ORDERED** that the Motion for Detention by the United States is **GRANTED** and the defendant shall be detained pending disposition of the instant charge(s) pursuant to 18 U.S.C. § 3142(e)(1). The defendant is committed to the custody of the

-7-

Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for court proceedings.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

September 10, 2013

-8-